## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**AUNDREY GLADNEY,**

      Plaintiff,

v.                                          Case No. 22-CV-1194

**LIV WELL ADULT FAMILY HOMES, LLC,**
**LIV WELL ADULT FAMILY HOMES 2, LLC,**
**and DIONNE L. HARRISON,**

      Defendants.

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.    Plaintiff Aundrey Gladney brings this action against Defendants Liv Well Adult Family Homes, LLC, Liv Well Adult Family Homes 2, LLC, and Dionne L. Harrison to recover unpaid overtime wages, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws. From December 2021 to June 2022, Plaintiff worked as a caregiver at group homes that Defendants owned and operated. In that role, Plaintiff consistently worked more than 40 hours in a workweek, but Defendants only paid him his regular rate of pay for all hours worked. Defendants failed to pay Plaintiff one-and-a-half times his regularly rate of pay for all hours worked in excess of 40 per workweek. These pay practices violate the FLSA and Wisconsin wage and hour laws.

### PARTIES

2.     Plaintiff Aundrey Gladney is an adult resident of Milwaukee, Wisconsin.

3.     Defendant Liv Well Adult Family Homes, LLC, ("Liv Well 1") is a domestic limited liability company with a principal office in Milwaukee, Wisconsin. Liv Well's registered agent in the State of Wisconsin is Dionne L. Harrison located at 4315 North 17th Street, Milwaukee, WI 53209.

4.     Defendant Liv Well Adult Family Homes 2, LLC, ("Liv Well 2") is a domestic limited liability company with a principal office in Milwaukee, Wisconsin. Liv Well's registered agent in the State of Wisconsin is Dionne L. Harrison located at 8543 West Lawrence Avenue, Milwaukee, WI 53225.

5.     Defendant Dionne L. Harrison is an adult resident of Milwaukee, Wisconsin.

6.     Liv Well 1 and Liv Well 2 will be collectively referred to as "Liv Well" hereinafter.

## JURISDICTION AND VENUE

7.     The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

8.     The Court has supplemental jurisdiction over Plaintiff's Wisconsin law claims under 28 U.S.C. § 1367 because those claims are so related to Plaintiff's FLSA claims that they form a part of the same case or controversy.

9.     Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Liv Well and

Harrison reside in this district and because the events and omissions giving rise to these claims occurred in this district.

## FACTUAL ALLEGATIONS

10.     Liv Well operates group homes providing assisted living services for the care of sick, aged, or mentally ill or defective individuals in Milwaukee County.

11.     Liv Well's residents reside on its premises.

12.     On information and belief, Liv Well's gross annual business was $500,000 or more for all periods relevant to this complaint.

13.     Harrison is an owner of Liv Well and proprietor/operator of Liv Well's assisted living facilities.

14.     Harrison sets and controls the payroll, schedule, and duties of Liv Well's employees.

15.     Harrison has the power to hire and fire Liv Well's employees.

16.     Harrison set and controlled the payroll, schedule, and duties of Plaintiff.

17.     Harrison hired and fired Plaintiff.

18.     Liv Well and Harrison employed Plaintiff as a Community-Based Residential Facility Caregiver at Liv Well's assisted living facilities from approximately December 7, 2021, to June 15, 2022.

19.     Plaintiff worked at Liv Well's facility at 8543 West Lawrence Avenue, Milwaukee, WI 53225.

20.     Plaintiff worked at Liv Well's facility at 4315 North 17th Street, Milwaukee, WI 53209.

3

21. While employed by Liv Well and Harrison, Plaintiff's duties included caring for Liv Well's residents by, among other things, preparing their meals, cleaning their rooms, helping them with personal hygiene, and driving them to appointments and other engagements.

22. Plaintiff never worked in the private homes of Liv Well's residents.

23. Plaintiff was not employed by Liv Well's residents or their families.

24. When Plaintiff drove Liv Well's residents to appointments and other engagement, he would purchase gasoline that had traveled in interstate commerce for his vehicle.

25. Plaintiff consistently worked more than 40 hours per workweek at Liv Well's facilities.

26. For example, Plaintiff worked 254.30 hours for the pay period of January 30 to February 12, 2022; however, Liv Well and Harrison failed to pay him one-and-one-half times his regular rate for hours worked in excess of forty in the two workweeks in the pay period.

27. Liv Well and Harrison compensated Plaintiff at his regular rate of pay for all hours worked, including hours worked in excess of 40 per workweek.

28. Liv Well and Harrison never compensated Plaintiff at one-and-one-half times his regular rate of pay for all hours worked in excess of 40 per workweek.

29. Liv Well and Harrison's actions as alleged herein were willful, dilatory, and unjust and caused Plaintiff economic harm in the loss of all wages due under the FLSA and Wisconsin law.

4

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR
## LABOR STANDARDS ACT

30.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

31.     Liv Well 1 has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

32.     Liv Well 2 has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

33.     Liv Well 1 is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

34.     Liv Well 2 is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

35.     Harrison has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

36.     Plaintiff was Liv Well 1's employee within the meaning of 29 U.S.C. § 203(e).

37.     Plaintiff was Liv Well 2's employee within the meaning of 29 U.S.C. § 203(e).

38.     Plaintiff was Harrison's employee within the meaning of 29 U.S.C. § 203(e).

39.     The FLSA requires covered employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

5

40.     Plaintiff was not exempt from the overtime pay requirements of the FLSA.

41.     Liv Well and Harrison did not pay Plaintiff overtime wages for work performed in excess of 40 hours per week.

42.     The foregoing practice violates the FLSA.

43.     Liv Well's and Harrison's violations of the FLSA were willful.

44.     Plaintiff suffered wage loss because of these violations.

45.     Plaintiff is entitled to recover his attorneys' fees and costs incurred in this matter from Liv Well and Harrison pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

46.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

47.     Liv Well 1 has been, and continues to be, an employer within the meaning of Wis. Stat. §§ 103.001(6), 104.01(3), and 109.01(2), Wis. Admin. Code § DWD 272.01(5), and Wis. Admin. Code ch. DWD 274.

48.     Liv Well 2 has been, and continues to be, an employer within the meaning of Wis. Stat. §§ 103.001(6), 104.01(3), and 109.01(2), Wis. Admin. Code § DWD 272.01(5), and Wis. Admin. Code ch. DWD 274.

49.     Harrison has been, and continues to be, an employer within the meaning of Wis. Stat. §§ 103.001(6), 104.01(3), and 109.01(2), Wis. Admin. Code § DWD 272.01(5), and Wis. Admin. Code ch. DWD 274.

6

50.     Plaintiff was Liv Well 1's employee within the meaning of Wis. Stat. §§ 103.001(5). 104.01(2), and 109.01(1r), and Wis. Admin. Code chs. DWD 272 and 274.

51.     Plaintiff was Liv Well 2's employee within the meaning of Wis. Stat. §§ 103.001(5). 104.01(2), and 109.01(1r), and Wis. Admin. Code chs. DWD 272 and 274.

52.     Plaintiff was Harrison's employee within the meaning of Wis. Stat. §§ 103.001(5). 104.01(2), and 109.01(1r), and Wis. Admin. Code chs. DWD 272 and 274.

53.     Wisconsin law requires employers to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

54.     Plaintiff was not exempt from the overtime pay requirements of Wisconsin law.

55.     Liv Well and Harrison did not pay Plaintiff overtime wages for work performed in excess of 40 hours per week.

56.     The foregoing practice violate Wisconsin law.

57.     Liv Well's and Harrison's violations of Wisconsin law were for dilatory or unjust reasons.

58.     Plaintiff suffered wage loss because of these violations.

59.     Plaintiff is entitled to recover his attorneys' fees and costs incurred in this matter from Liv Well and Harrison pursuant to Wis. Stat. § 109.03(6).

## DEMAND FOR RELIEF

Plaintiff demands the following relief:

A.     Judgment against Liv Well 1, Liv Well 2, and Harrison in an amount equal to Plaintiff's unpaid wages, liquidated damages under the FLSA, and civil penalties under Wisconsin law;

B.     An order finding that Liv Well 1, Liv Well 2, and Harrison violated the FLSA and Wisconsin wage and hour laws;

C.     An award of costs and attorneys' fees; and

D.     Any further relief that the Court deems just and equitable.


Dated: October 6, 2022.

                    Respectfully submitted,

                    *s/ Timothy P. Maynard*
                    Timothy Maynard WI SBN 1080953
                    Larry A. Johnson WI SBN 1056619
                    Connor J. Clegg WI SBN 1118534
                    Attorneys for Plaintiff

                    **Hawks Quindel, S.C.**
                    5150 North Port Washington Road, Suite 243
                    Milwaukee, WI 53217
                    Telephone:   (414) 271-8650
                    Fax:         (414) 207-6079
                    E-mail:      tmaynard@hq-law.com
                                 ljohnson@hq-law.com
                                 cclegg@hq-law.com

8